RE: THE SMOKING IN PUBLIC PLACES ACT
ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN ATTORNEY GENERAL OPINION REGARDING SMOKING AREAS IN PUBLIC BUILDINGS. BECAUSE YOUR REQUEST CONCERNS CERTAIN FACTUAL ISSUES BEYOND THE SCOPE OF A FORMAL OPINION, THIS OFFICE HAS DETERMINED THAT YOUR REQUEST SHOULD BE ANSWERED THROUGH AN INFORMAL LETTER.
THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE FOLLOWING ANALYSIS AND CONCLUSIONS, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTION YOU HAVE RAISED.
YOUR PRIMARY QUESTION IS WHO IS THE PROPER PERSON OR BODY TO DESIGNATE SMOKING AREAS WITHIN THE TULSA COUNTY ADMINISTRATION BUILDING. SPECIFICALLY, DO THE COUNTY COMMISSIONERS HAVE THE AUTHORITY TO DESIGNATE THE SMOKING AREAS FOR THE ENTIRE BUILDING OR DO THE ELECTED OFFICIALS WHO OFFICE IN THAT BUILDING HAVE THE AUTHORITY TO DESIGNATE THEIR INDIVIDUAL OFFICES AS SMOKING OR NONSMOKING OFFICES?
THE ACT THAT GOVERNS YOUR QUESTION IS THE "SMOKING IN PUBLIC PLACES ACT" ("THE ACT") FOUND AT 63 O.S. 1-1521 THROUGH 63 O.S. 1-1527 (1991). THERE ARE SEVERAL SECTIONS WITHIN THAT ACT THAT APPLY TO THIS QUESTION. FIRST, THE GENERAL RULE IS THAT THE ENTITY THAT OWNS OR OPERATES THE PUBLIC PLACE IS RESPONSIBLE FOR DESIGNATING THE SMOKING AND NONSMOKING AREAS. 63 O.S. 1-1524(A) (1991).
IN ADDITION, THE LEGISLATURE REQUIRED THE STATE BOARD OF HEALTH TO PROMULGATE THE RULES AND REGULATIONS NECESSARY TO IMPLEMENT THE PROVISIONS OF THIS ACT. 63 O.S. 1-1526. THESE RULES PROVIDE THE FOLLOWING:
 "THE STATE OR LOCAL GOVERNMENTAL AGENCY OR THE PERSON WHO OWNS OR OPERATES A PUBLIC PLACE SHALL DEVELOP AND MAINTAIN, FOR PUBLIC ACCESS, A WRITTEN POLICY WHICH DESCRIBES THE CRITERIA FOR DESIGNATING SMOKING AND NONSMOKING AREAS AND DESCRIBES THE METHODS FOR PREVENTING SMOKING IN NONSMOKING AREAS. OKLAHOMA STATE DEPARTMENT OF HEALTH RULE 310:355-1-2."
YOU IDENTIFY THE BOARD OF COUNTY COMMISSIONERS AS THE GOVERNING BODY OF COUNTY GOVERNMENT AND THE COUNTY OFFICE BUILDING. BASED ON THE LAW CITED ABOVE, THAT BOARD WOULD BE RESPONSIBLE FOR MAKING THE APPROPRIATE DESIGNATIONS WITHIN THE COUNTY BUILDING BECAUSE IT IS THE OWNER OR OPERATOR OF THIS BUILDING.
HOWEVER, THE ACT ALSO DEFINES "PUBLIC PLACE" TO MEAN, AMONG OTHER THINGS, AN OFFICE. 63 O.S. 1-1522(A)(6)(A). CONSEQUENTLY, AN "OFFICE" IS A SUBDIVISION OF A "PUBLIC PLACE". AS A RESULT, THE INDIVIDUAL OFFICES WITHIN THE COUNTY BUILDING WOULD BE CONSIDERED BY THIS DEFINITION AS A PUBLIC PLACE. ALTHOUGH THE BOARD OF COUNTY COMMISSIONERS HAS THE DUTY TO DESIGNATE SMOKING AND NONSMOKING AREAS FOR THE BUILDING IN ISSUE, THE ELECTED OFFICIALS, OR OTHER PERSONS IN CONTROL OF INDIVIDUAL OFFICES, MUST EACH DESIGNATE SMOKING AND NONSMOKING AREAS FOR THEIR RESPECTIVE OFFICES.
YOU SPECIFICALLY ASK IF EACH OFFICE AND/OR DEPARTMENT MUST PROVIDE A SMOKING AREA WITHIN THE SPACE ALLOTTED TO THAT OFFICE. TO ADDRESS THE ISSUE OF AN OFFICE FIRST, THE ANSWER DEPENDS ON THE SIZE OF THE OFFICE AND ON ITS OCCUPANTS. AS DESCRIBED ABOVE, THE ACT REQUIRES THAT BOTH SMOKING AND NONSMOKING AREAS SHALL BE DESIGNATED FOR PUBLIC PLACES. 63 O.S. 1-1524(B). FURTHERMORE, AN "OFFICE" IS INCLUDED WITHIN THE DEFINITION OF A "PUBLIC PLACE". 63 O.S. 1-1522(A)(6)(A) (1991). AS A RESULT, THE GENERAL RULE IS THAT BOTH MUST BE DESIGNATED FOR EACH SUCH PUBLIC PLACE.
HOWEVER, THE ACT THEN QUALIFIES THIS GENERAL RULE IN TWO RESPECTS. FIRST, THE LEGISLATURE EXEMPTED FROM THE DEFINITION OF A PUBLIC PLACE:
 "A PRIVATE, ENCLOSED ROOM OR OFFICE OCCUPIED EXCLUSIVELY BY A SMOKER OR SMOKERS, EVEN IF THE ROOM OR ENCLOSED OFFICE MAY BE VISITED BY A NONSMOKER."
63 O.S. 1-1522(B). AN OFFICE THAT INCLUDES ALL SMOKERS AND IS PRIVATE AND ENCLOSED COULD BE A "SMOKING OFFICE" AND WOULD NOT NEED TO DESIGNATE A NONSMOKING AREA.
SECOND, IF THE OFFICE CONSISTS OF A SINGLE ROOM, THE ENTITY THAT OWNS OR OPERATES THE ROOM SHALL BE IN COMPLIANCE WITH THIS ACT IF AN AREA OF THE ROOM IS RESERVED AND POSTED AS A NONSMOKING AREA. 63 O.S. 1-1524(B). AS A RESULT, THE LEGISLATURE APPEARS TO HAVE INTENDED BY THIS SECTION TO EXEMPT A SINGLE OFFICE FROM THE SMOKING AREA DESIGNATION REQUIREMENT. THERE IS NO REQUIREMENT THAT A SINGLE OFFICE MUST CONTAIN A SMOKING AREA. THE LAW ONLY REQUIRES THAT IT INCLUDE A NONSMOKING AREA. ID.
AS FOR OFFICES THAT CONSIST OF MORE THAN A SINGLE ROOM, THE ACT DOES NOT SPECIFY THAT THE SMOKING AREA MUST BE DESIGNATED WITHIN THE ALLOTTED SPACE. THE LAW ONLY SPECIFIES THAT THE ENTITY THAT OWNS OR OPERATES THE OFFICE MUST DESIGNATE BOTH.
IN SUMMARY, EACH OFFICE MUST DESIGNATE SMOKING AND NONSMOKING AREAS IF THE OFFICE IS LARGER THAN ONE ENCLOSED SPACE. IF THE OFFICE CONSISTS OF ONE ENCLOSED SPACE, AND THE OCCUPANTS ARE ALL SMOKERS, THE ACT MAKES NO REQUIREMENTS. IF THE OFFICE CONSISTS OF ONE ENCLOSED SPACE AND THE OCCUPANTS INCLUDE A NONSMOKER, THERE IS NO REQUIREMENT THAT A SMOKING AREA BE DESIGNATED. THE ONLY REQUIREMENT IS THE DESIGNATION OF A NONSMOKING AREA.
AS FOR DEPARTMENT, THE ACT DOES NOT ADDRESS THIS TERM. HOWEVER, IF BY USING THE WORD "DEPARTMENT" YOU CONTEMPLATE A SUBDIVISION OF AN OFFICE, IT WOULD NOT BE THE DESIGNATING ENTITY. THE ACT MAKES CLEAR THAT ONLY THE OPERATING AGENCY HAS THE AUTHORITY TO DESIGNATE THE SMOKING AND NONSMOKING AREAS IN EACH OFFICE OR PUBLIC PLACE. THIS WOULD BE TRUE EVEN WHERE ONE DEPARTMENT OF AN OFFICE IS IN A DIFFERENT PART OF THE BUILDING SEPARATE FROM THE REST OF THE OFFICE.
YOU ALSO ASK WHETHER IT IS MANDATORY THAT A SMOKING AREA BE PROVIDED IN A PUBLIC PLACE SUCH AS THIS TULSA ADMINISTRATION BUILDING. THE ANSWER IS "YES". THE ACT SPECIFIES THAT BOTH SMOKING AND NONSMOKING AREAS SHALL BE DESIGNATED. 63 O.S. 1-1524(A) (1991). THIS PROVISION DOES NOT MAKE EITHER AN OPTION.
(BRITA HAUGLAND CANTRELL)